UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 11657 RGS

ATTACHMENT 1

LUISA HAYWARD HOLDEN, Pro Se MAGISTRATE JUDGE RBC

v.

Clive Cardozo et al

RECEIPT # 57540
AMOUNT $ [illegible]
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. [illegible]
DATE 7/26/04

CIVIL ACTION NO.__________

Denied. Under the Rooker-Feldman doctrine, this court has no power to invalidate the judgment of a state court. Hill v. Town of Conway, 193 F.3d 33, 39-40 (1st Cir. 1999). R.G. Stearns DJ 7-26-04.

## COMPLAINT WITH REQUEST FOR EMERGENCY RELIEF

Parties

1. The plaintiff, Luisa Hayward Holden, is a resident of Weston, Massachusetts, Middlesex County and a citizen of the United States.

2. The defendant, Clive Cardozo, is a resident of Quogue, New York and a citizen of the United Kingdom and Jamaica. He is a resident alien in the United States.

3. The defendant, State of New York Court System:

   Supreme Court of Suffolk County
   2nd Department of the Appellate Division of the Supreme Court, Suffolk County
   Riverhead Family Court, Suffolk County

4. The Defendant, attorneys I retained that represented me:

   a) Lana Cantrell, 300 East 71st Street, 19A, NY, NY 10021 212-249-6046

   b) Thomas T. McVann Jr., 100 Mill Road, P.O. Box 827, West Hampton Beach, NY 11978 631-288-6500

c) Steve Schlissel, Schlissel, Ostrow, Karabatos, Poepplein, Cender & Fisher PLLC. 200 Garden City Plaza, Suite 301, Garden City, NY 11530 516-678-2776

d) Damon Scarano, 60 Commercial Wharf, Boston, MA 02110 617-723-4572

e) Michael B. Constantino, Seegel, Lipshutz & Wilchins P.C., Wellesley Office Park, 60 Williams Street, Suite 200, Wellesley, MA 02481-3803, 781-237-4400

f) Roland Gray 3rd, Rubin & Rudman LLP. 50 Rowes Wharf, Boston, MA 02110 617-330-7000

5. The Defendant, Town of Weston, Massachusetts:

a) Town Manager, Mr. Carl F. Valente, c/o Weston Town Hall, Town House Road, P.O. Box 378, Weston, MA 02493, 781-893-7320

b) Doctor Alan Oliff, Superintendent, Weston School Department, School Street, Weston, MA 02493, 781-529-8080

c) Chief Shaw, Weston Police Department, 180 Boston Post Road, Weston, MA 02493, 781-893-4803

Jurisdiction

6. This court has jurisdiction over this matter pursuant to 28 USC, section 1332. This case involves both Federal Law questions of Lack of Due Process and Federal Rule 12 and the interstate transportation of a minor seized from a public school classroom and forcibly abducted from one state to another. It is a diversity jurisdiction case where the plaintiff and defendant are residents of different states and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

7. United States District Court, District of Massachusetts has subject matter jurisdiction based on Diversity of Citizenship and Federal question where a minor child was taken forcibly in a dangerous flight across state lines from a Weston, Massachusetts public school classroom. He was flown to the State of New York with the alleged conduct actionable under various Federal Civil Rights statutes and denied due process in the abduction of Quinn Holden from Massachusetts.

8. United States District Court, District of Massachusetts has subject matter jurisdiction over action pursuant to statutory provisions granting it jurisdiction over actions raising Federal questions or actions seeking to redress Civil Rights violations. (Virginia Office of Protection

and Advocacy v. the Virginia Department of Education, E.D. VA. 2003, 262 F. Supp. 2d 648. Federal Courts key 221) District Court had Federal question jurisdiction over action brought under Section 1983 and had pendent jurisdiction over related state law claims. (Reitz v. Persing M.D. Pa. 1993, 831 F. Supp. 410, Federal Courts key 15; Federal Courts key 219.1)

9. Plaintiff is seeking redress for false imprisonment two times with no due process and denied due process with the abduction of Quinn Holden from Massachusetts. Plaintiff is seeking to assess damages, punishment and counsel fees under 42 USC section 1983 & 1988 and other practices and rules.

Facts

10. Clive Cardozo is the alleged father of Quinn Holden. This fact has not been established with a paternity test yet contradictory evidence, i.e. blood types do not match, shows that Clive Cardozo is not the father of Quinn Holden. Clive Cardozo is A+, Luisa Holden is O+ and Quinn Holden is O-. On August 7, 2003, Clive Cardozo was ordered to appear, served in hand, Commonwealth Of Massachusetts, The Trail Court, Probate and Family Court Department, Docket No. 03W1156-PA Complaint to Establish Paternity to adjudicate the defendant to be the father of the child. Clive Cardozo did not comply with this court order. (Enclosure). In 2000, diagnosed with a life threatening emergency with appendicitis, Doctor Aponte of the Westhampton Primary Care Center, 80 Old Riverhead Road, Westhampton Beach, NY 11978, 631-288-7746 requested blood samples from Clive Cardozo, Luisa Hayward Holden and Quinn Holden for blood matching in emergency surgery. Clive Cardozo refused to give a blood sample. On the last page in Quinn Holden's medical file from Westhampton Primary Care Center, Dr. Aponte advised that a geneticist is needed for this situation. (Enclosure)

11. On March 17, 2003, an unsigned, Order to Show Cause for a Contempt Hearing was served on a John Doe. Notice was not served upon Luisa Hayward Holden for a Contempt Hearing. Notice was not served upon Luisa Hayward Holden that her son was being taken from her for Failure to Appear to a Contempt Hearing. Due process was not followed. (Enclosure)

12. On June 4, 2003, Cardozo emailed Luisa Hayward Holden requesting to see Quinn for 2 hours at the Weston Public Library on June, 6, 2003. On May 31, 2003, Cardozo had an earlier visit with Quinn Holden at the Weston Public Library. This was a duplicitous action. (Enclosure)

13. On June 6, 2003, Clive Cardozo, the defendant and accomplices James Reiher, Lloyd Scott and Martin Mak flew on a Cessna 195, owned by James Reiher from New York to Hanscom Field, Jet Aviation Bedford, Bedford, MA. Frank Diglio, manager of FBO services, Jet Aviation Bedford, 380 Hanscom Drive, Hanscom Field, Bedford, MA, 01730, 781-274-0030

stated that Cardozo radioed to his location requesting a courtesy vehicle to "snatch" Quinn Holden. Mr. Diglio refused the request and directed Cardozo to Hertz car rental.

14. Quinn Holden and his natural mother, Luisa Hayward Holden (born and raised in Massachusetts) are residents of Weston, Massachusetts. Ms. Holden moved home legally September 7, 2000 with the custody of Quinn. He was enrolled in the Weston Public Schools for 3rd, 4th and 5th grades. Quinn Holden was living with his mother for his entire natural life. Quinn Holden was enrolled as a fifth grade student at The Field School, Weston, MA when on June 6, 2003, Cardozo came to "snatch" him from Weston, MA, in Middlesex County, USA and after seizing Quinn out of the classroom by force and fraud and against his will, Cardozo flew Quinn to Malloy Air East, Gabreski Airport, Westhampton Beach, New York.

15. On June 6, 2003, Cardozo came with uncertified, faxed papers from the State of New York, under false pretenses, removed Quinn from a public school classroom, physically forced him against his will into a vehicle and flew him across state lines. At Common Law, "kidnapping" means to take and carry a person by force and against his will. ( USC Title 18, Chapter 55, section 1201, US v. Marx, C.A. Okl. 1973 485 F. 2d 1179) (US v. Young, C.A. (Va.) 1975, 512 F. 2d 321) Under Massachusetts G.L. ch. 274, a child can not be removed from school forcibly. (Enclosure)

16. Quinn Holden refused to go, stating "You have hit me and done drugs. I am not going, I will kick and scream, you'll have to give me anesthesia." Luisa Hayward Holden also objected. The Weston, MA Police Incident Report stated that Cardozo physically seized Quinn Holden against his will and forced him in the vehicle. Quinn Holden injured his leg in the incident. On file at the Weston Police Station was a notarized statement dated 4/18/03, by Quinn Holden alerting Weston Police to Cardozo's behavior and his unwillingness to leave Massachusetts. (Enclosures)

17. Cardozo stated to Jeffrey Holden, Ms. Holden's brother, 30 Dean Road, Weston, MA 02493, 781-235-9555 that he wanted $100,000.00 from Ms. Holden, Ms. Holden in jail and custody of the child, Quinn Holden. Cardozo stated in the Riverhead Family Court that he only had $1900.00 in his bank account. This leads to Cardozo's motivation for the kidnapping of Quinn.

18. Under Federal Kidnapping statue Title 18 Chapter 55, sec. 1201 (8), the 3 elements necessary for conviction are knowing and willful kidnapping, intent to gain benefit from the seizure and that the kidnapping took place in the territorial jurisdiction of the United States. A child should feel safe in a public school classroom.

19. Quinn Holden's Civil Rights were physically and civilly violated. There was no need to violate his rights in this manner and his rights as a human being. (Civil Rights Law, Mass. G.L. 12, sec. 11, HI, sec. 93 sec.102)

20. Since the abduction of Quinn Holden from The Field School, many facts have come to light that prove that actions of Cardozo are unwarranted and illegal. The following are the general points that everyone was operating on everyone else's authority and word, however no one

confirmed the authenticity of the faxed court order (Enclosure) that was fraudulently based on an unlawful foundation of a default judgement without proper service. This was an egregious act with horrific consequences. (See attached letter to Judge Gregory Blass dated July 18, 2004 detailing unlawful foundation of default judgement).

21. The Weston Police never sought the identity of Cardozo or his 3 companions. Not so much as a driver's license or resident alien card (Cardozo's expired on 5/17/03) was requested of the 4 men, yet Weston, MA Police proceeded with the action. The mistaken notion that Cardozo was accompanied by 3 Massachusetts State Police Officers was originated from a telephone call to Weston Police Chief Mayo from Hanscom Lieutenant Thomas Coffey. Frank Diglio, manager of FBO services, Jet Aviation Bedford notified the Hanscom Police about Cardozo's intentions of going to the Weston Library to take Quinn Holden. Lt. Coffey directed Cardozo to proceed to the Weston Police station rather than the Weston Public Library where he stated that he was going to take Quinn Holden. Lt. Coffey then contacted the Weston Police and informed them to expect Cardozo. There is no notation in the State Police Log at Hanscom Field of the incident. The Weston Police do not deny that they failed to get any identification but rather dismiss it as an unfortunate oversight. This is gross negligence. (Enclosure)

22. Mary Menino, a witness at the Weston Town Meeting investigating this incident, wrote in a Letter to the Editor of the Weston Town Crier the Weston Police admitted that they did not check the identification of anyone involved. (Enclosure)

23. The Weston Police never checked the authenticity of the State of New York Custody Order, which Cardozo carried with him on June 6, 2003, before acting on it. Instead of directing Cardozo to take his Custody Order to the Middlesex Probate Court to filed Certified, the Weston Police accepted at face value a faxed copy of the custody order. The Weston Police did not notice that the order assumed that Luisa Hayward Holden was in jail. Furthermore, the Weston Police did not note that the custody order did not contain a directive giving Cardozo the right to come to Massachusetts, seize Quinn Holden and take him to New York. It was inherently and procedurally incorrect on face value. Ms. Holden was present when her son Quinn was seized, was not in jail, and was not shown any order to remove her son. Ms. Holden was released from jail at 9:15 AM on May 15, 2003 which makes the May 15, 2003 order inherently defective as well as procedurally defective to remove Quinn Holden. (Enclosure)

24. Luisa Hayward Holden was never served a copy of the court order changing custody. Luisa Hayward Holden knew only that she had received an email from Cardozo asking to meet with Quinn at the Weston Public Library on June 6, 2003 as he had done on one prior occasion, May 31, 2003. Weston Police would not give Ms. Holden a copy of the order changing custody. No proper notice had been given.

25. The fact that Ms. Holden had not been notified of the order changing custody and the failure of the Weston Police to order Cardozo to take his court order to the Middlesex Probate Court for certification and processing, deprived Luisa and Quinn Holden of their Right to Due Process under Massachusetts law for a review of the custody and jurisdiction issues

involving out-of-state parties. (Section 209B of the General Laws of Massachusetts) (Enclosure with form)

26. The trauma to Quinn Holden might have been less if Cardozo had followed guidelines for assumption of custody outlined in the UCCJEA (Massachusetts Uniform Child Custody Jurisdiction and Enforcement Act page 17). This would have involved presentation of certified copies of the New York judgement to the appropriate Massachusetts court and allowing established procedures to take place. Instead, Cardozo chose to lie about his intentions and chose to circumvent these procedures, forcibly removing Quinn from his school and with the accompanying trauma to Quinn, which has been characterized as child abuse. (Family Abduction: Prevention and Response, National Center for Missing and Exploited Children page 11) (Enclosure) Quinn was not only physically harmed at the time of the abduction but there is long-term psychological harm, that has been established from these types of acts that should warrant immediate return of Quinn to his natural mother, Luisa Hayward Holden. The UCCJEA also provides expedited procedures for interstate enforcement of custody and visitation. The jurisdictional rules in the UCCJEA are not entirely consistent with the PKPA (Parental Kidnapping and Prevention Act) and, as a result, some custody orders made under the UCCJEA are not entitled under the PKPA to "full faith and credit" in other states. In case of a conflict, the Federal law preempts or takes precedents over inconsistent state law. (Family Abduction: Prevention and Response, page 28) (Enclosure)

27. Quinn Holden was removed from the 5th grade of the Field School, Weston, MA without clothing, personal belongings or his medicine. Ms. Holden asked Inspector Walter Nelson if Quinn could get his clothing and medicine and was denied. All Quinn had with him was his backpack from school that day.

28. Cardozo has a documented drug and abuse problem as attested by court documents which was verbally reinforced by Quinn that day and on record at the Weston Police Station.

29. On 10/15/02, Waltham District Court, Waltham, MA, Docket No. 0251 RO 302, issued a restraining order (Massachusetts G.L. 209A) preventing Cardozo from abusing Luisa Hayward Holden by harming, threatening or placing her in fear of imminent serious physical harm. Cardozo violated this order by making contact with Ms. Holden, by arriving abruptly and placing her in fear at the Weston Field School, Weston, MA with the intent of forcibly removing Quinn Holden from Massachusetts with out a certified order from New York State filed appropriately. Ms. Holden was traumatized by this abduction that deprived her of her due process with the abduction of Quinn Holden. (Enclosure)

30. Cardozo is no longer employed at Malloy Air East, has no for health insurance for Quinn Holden and because Cardozo is a foreign national, could fly Quinn out of the country at any time.

31. The New York Supreme Court does not have *impserona jurisdiction* over Luisa Hayward Holden. Service must comply with CPLR 4531. Because Ms. Holden was not properly

served, the case is legend on this point. The New York Supreme Court is thus without jurisdiction to rule married or divorced. (Enclosure)

32. Luisa and Quinn Holden's Civil Rights to due process were violated. Ms. Holden was not appropriately served the Order to Show cause that resulted in a Default Judgement giving Cardozo custody of Quinn Holden and needs to be unconditionally vacated. The listed attorneys did not serve Ms. Holden's best interests nor do their due diligence in rectifying this situation. These egregious Civil Rights violations compounded by the gross negligence of the Weston Police Department has resulted in trauma to Ms. Holden and her son, Quinn.

Relief

33. Wherefore, Luisa Hayward Holden requests the following immediate relief:

1) Issue a writ for the immediate return of Quinn H. Holden to his natural mother, Luisa Hayward Holden in Massachusetts.
2) Bring an indictment of Clive Cardozo for Kidnapping for the unlawful abduction of Quinn H. Holden on June 6, 2003.
3) File an immediate injunction negating all New York State proceedings regarding the plaintiff and defendant and to return jurisdiction to the Commonwealth of Massachusetts.
4) Asses council fees and damages under 42 USC 1983 & 1988 and other practices and rules at a meeting to be set up in the future.
5) I seek the return of my son who has been abused and traumatized by this incident and I seek money damages from the defendant to compensate the plaintiff for the expenses, pain and suffering resulting from the abduction and imprisonment without due process and the loss of Quinn Holden for more than one year.

34. And any further or action this honorable court may deem appropriate or just such as issuing a Habeus Corpus because Due Process was denied. I am requesting today, the return of my son Quinn who was forcibly taken out of school, out of Weston, MA and flown out of the Commonwealth of Massachusetts under false pretenses and across state lines to New York in a dangerous flight. I have lost my son for over a year. Because the Commonwealth of Massachusetts and the State of New York has a conflict in law, and the lawyers in New York have not served my best interests, I need immediate relief from the Federal court in this interstate matter. Ms. Luisa Hayward Holden has maintained an appropriate home in Weston, MA, maintained health insurance and can provide financial support for her son, Quinn Holden.

35. Wherefore in this matter, I am petitioning this honorable court to take jurisdiction over this matter, to consider sanctioning the defendants for the violations cited herein or conduct a hearing and let Quinn Holden be returned as soon as possible. There was a violation of substitive and procedural rights and under M.G.L. 209b sec. 2, there is an emergency to protect this child, an American who has already been forcibly removed from a Massachusetts public classroom where he should have been safe in school. Constitutional Law 255 E USCA, Const. Article 4, sec.1; amendment 14. I would appreciate redress later for the legal

fees I have had to sustain and the emotional duress I have gone through subsequent to the immediate return of Quinn to his natural mother.

36. The plaintiff does not want a trial by jury.

Signature *Luisa H Holden*

Name Luisa Hayward Holden
Address 19 Hilltop Road
Weston, MA 02493

Telephone # 781-354-2106 (cell)
781-647-1115 (home)

ENCLOSURES

1) Commonwealth Of Massachusetts, The Trail Court, Probate and Family Court Department, Docket No. 03W1156-PA Complaint to Establish Paternity.
2) Quinn Holden's medical files from Westhampton Primary Care Center.
3) Unsigned Order to Show Cause, served on John Doe.
4) Copy of email, dated 6/4/03, from Cardozo requesting visit with Quinn
5) Weston, MA Police Incident Report, 6/6/04.
6) Faxed, Uncertified New York State Court Order, giving Cardozo custody of Quinn
7) Quinn Holden notarized statement at Weston Police Department, 4/18/03
8) Letter to Judge Gregory Blass, Riverhead Family Court, dated 7/18/04.
9) Clive Cardozo, Resident Alien card, expired 5/17/03
10) Letter to the Editor, Mary Menino, Weston Town Crier
11) Affidavit, releasing Luisa Holden on May 15, 2003, at 9:15 AM
12) General Laws of Massachusetts, section 209 B with form
13) UCCJEA (Massachusetts Uniform Child Custody Jurisdiction and Enforcement Act page).
14) Family Abduction: Prevention and Response, National Center for Missing and Exploited Children pages 11, 28.
15) Waltham District Court, Waltham, MA, Docket No. 0251 RO 302
16) Supreme Court, Sate of New York, Affidavit of Service, Index No. 00-06248, not in compliance with CPLR

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Luisa H. Holden vs. Clive Cardozo

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

✓ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

*Also complete AO 120 or AO 121 for patent, trademark or copyright cases

___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

___ V. 150, 152, 153.

04 11657 RGS

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

No related cases [illegible] filed in [illegible] (See [illegible])

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

YES NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

YES NO

IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

YES NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

YES NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

YES NO

A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

EASTERN DIVISION CENTRAL DIVISION WESTERN DIVISION

B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

EASTERN DIVISION CENTRAL DIVISION WESTERN DIVISION

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ______________________

ADDRESS ______________________

TELEPHONE NO. ______________________

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Luisa H. Holden
19 Hilltop Road
Weston, Ma. 02493

**DEFENDANTS**
Clive Cardozo
PO Box [illegible]
Ogue[illegible], N.Y. 11959

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Middlesex, Ma
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Suffolk, N.Y.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

04 11657 RGS

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Luisa H. Holden, Pro Se
19 Hilltop Road
Weston, Ma. 02493

ATTORNEYS (IF KNOWN)
None

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury – Med. Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☒ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☒ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) 42 USC 1983

Civil rights and lack of due process in [illegible] in Weston, Ma.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** Pain and Suffering [illegible] CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ____ DOCKET NUMBER ____

DATE ____ SIGNATURE OF ATTORNEY OF RECORD Luisa H. Holden

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____