UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LUISA HAYWARD HOLDEN,
    Plaintiff

v.

CLIVE CARDOZO, et. al.,
    Defendants

**Civil Action No. 04-11657-RGS**

### MOTION TO DISMISS DEFENDANT ROLAND GRAY, III PURSUANT TO FED R. CIV. P. 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6) and L.R. 7.1 the Defendant in the above-captioned action, Roland Gray, III hereby moves to dismiss the Complaint with prejudice as it pertains to him. In support of this Motion, Mr. Gray submits a memorandum of law and states the following:

1. The gravamen of the Complaint is that the Plaintiff Luisa Hayward Holden lost custody of her minor son as a result of an order entered against her in the Supreme Court of the State of New York, Suffolk County. Ms. Holden claims that she never received proper notice of the New York proceedings and that the custody order was without due process and in violation of her civil rights. As a result of the New York order, Ms. Holden alleges, the purported father of the child was able to forcibly abduct the child from his school on June 6, 2003 with the assistance of the Weston Police Department.

2. The Complaint only references Mr. Gray as among a list of "Defendant, attorneys [Ms. Holden] retained that represented [her]." Complaint, ¶ 4. Mr. Gray is otherwise never mentioned in the body of the Complaint.

3.      The only allegations in the Complaint that could be said to pertain to Mr. Gray is that the "listed attorneys did not serve Ms. Holden's best interests nor do their due diligence in rectifying this situation." Complaint ¶ 32. This allegation alone is insufficient to make out even a claim of attorney malpractice where Complaint lacks the crucial element of the tort that establishes that there was an attorney client relationship between Mr. Gray and Ms. Holden on the matters for which she claims loss. *Cf. Robertson v. Gaston Snow & Ely Bartlett*, 404 Mass. 515, 522, 536 N.E.2d 344, 348-49 (1989).

4.      There is no diversity of citizenship between Mr. Gray and Ms. Holden as required under 28 U.S.C. § 1332, as both are residents of or do business in Massachusetts. Complaint, ¶¶ 1, 4.

5.      To the extent jurisdiction of this court is premised upon federal question claims loosely alluded to in the Complaint, the attorney malpractice claims do not share a common nucleus of operative fact and therefore there is no supplemental jurisdiction over those pendent state law claims under 28 U.S.C. § 1367. *See Chaney v. City of Chicago*, 901 F.Supp. 266, 270-71 (N.D.Ill. 1995).

**WHEREFORE**, the Complaint against Mr. Gray must be dismissed with prejudice.

Respectfully submitted,
ROLAND GRAY, III
By his attorneys,

/s/ Nur-ul-Haq _____
Alan K. Posner, BBO No. 403900
aposner@rubrinrudman.com
Nur-ul-Haq, BBO No. 647448
nurulhaq@rubinrudman.com
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA  02110
(617) 330-7000

Dated: August 16, 2004

## **CERTIFICATE OF SERVICE**

      I, Nur-ul-Haq, hereby certify that on this 16th day of August, 2004, I caused to be served by first class mail, postage pre-paid a true copy of the foregoing upon all parties appearing *pro se* and counsel of record for all other named parties.

                                                             /s/ Nur-ul-Haq