UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUISA HAYWARD HOLDEN,<br>  Plaintiff<br><br>v.<br><br>CLIVE CARDOZO, et. al.,<br>  Defendants | **Civil Action No. 04-11657-RGS** |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS DEFENDANT
ROLAND GRAY, III PURSUANT TO FED R. CIV. P. 12(b)(6)**

Pursuant to Fed. R. Civ. P. 12(b)(6), the Defendant in the above-captioned action, Roland Gray, III hereby moves to dismiss the Complaint as it pertains to him, as the Plaintiff Luisa Hayward Holden has alleged no facts which state a cause of action against Mr. Gray. As such, the Complaint must be dismissed as to Mr. Gray with prejudice.

**FACTUAL BACKGROUND**

The facts stated herein are those recited in Ms. Holden's Complaint, and are taken as true solely for the purpose of this Motion to Dismiss. *Calderon-Ortiz v. Laboy-Alvarado*, 300 F.3d 60, 63 (1st Cir. 2002) ("Accordingly, we accept as true the facts alleged by plaintiffs in their complaint, drawing all reasonable inferences in their favor.")

Ms. Holden is a resident of Weston, Massachusetts with her minor son, Q.H.[1] Complaint, ¶ 14. Defendant Clive Cardozo is Q.H.'s purported father, however, Ms. Holden disputes Mr. Cardozo's claim to paternity. Complaint, ¶ 10. Mr. Cardozo allegedly forcibly abducted Q.H. from the Field School on June 6, 2003. Complaint, ¶ 15. Q.H. did not go

---

[1]   Pursuant to L.R. 5.3(A)(2), the minor child shall be referred to only by his initials.

willingly with Mr. Cardozo and has allegedly suffered injuries and trauma from the incident. Complaint, ¶¶ 16, 26.

Ms. Holden and Mr. Cardozo have been parties to several actions concerning Q.H. in Massachusetts and New York. Ms. Holden also filed a Complaint to establish Paternity against Mr. Cardozo in the Middlesex County Probate and Family Court on August 7, 2003. Complaint, ¶ 10. Ms. Holden obtained a no-abuse order from the Waltham District Court on October 15, 2002. Complaint, ¶ 29. Meanwhile, Mr. Cardozo obtained an order from the Supreme Court of New York, Suffolk County for custody of the minor child based upon Ms. Holden's alleged failure to appear for a hearing of which she supposedly had no notice. Complaint, ¶¶ 15, 23, 31, Enclosure 6. Ms. Holden claims that "the listed attorneys did not serve Ms. Holden's best interests nor do their due diligence in rectifying this situation." Complaint, ¶ 32. Ms. Holden has not stated any further allegations of fact with regard to any of the "listed attorneys" in ther Complaint.

## ARGUMENT

The standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6) requires the court to consider al well-pleaded allegations in the complaint as true, and to determine whether "relief could be granted under any set of facts that could be proved consistent with the allegations." *Lalonde v. Textron, Inc.*, 369 F.3d 1, 6 (1st Cir. 2004), *quoting Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). While the standard is admittedly very liberal, the First Circuit has reiterated that "Rule 12(b)(6) is not entirely a toothless tiger." *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir. 1989). In order to survive a motion to dismiss under Rule 12(b)(6), the complaint must "set forth minimal facts as to who did what to whom, when, where,

and why – although why, when why means the actor's state of mind, can be averred generally." *Educadores Puertorriquenos en Accion v. Hernandez,* 367 F.3d 61, 68 (1st Cir. 2004).

      Ms. Holden has not satisfied her burden of alleging any facts to support a claim against Mr. Gray on this action. First, while Mr. Gray is listed in Paragraph 4 of the Complaint as "The Defendant attorneys [Ms. Holden] retained that represent [her]," Mr. Gray is not mentioned once by name in the remainder of the Complaint. Indeed, the listed attorneys are mentioned only once in Paragraph 32. Where there is no mention of Mr. Gray in the body of the Complaint, the Complaint may be properly dismissed as failing to state a claim against him. *See Pandey v. Freedman*, 66 F.3d 306, 1995 WL 568490, *3 (1st Cir. 1995) ("Although named as a defendant in the caption, the law firm is not mentioned in the body of the complaint. Therefore, the district court did not err in ruling that Pandey had failed to state a claim against the law firm.").

      At a minimum, Ms. Holden has not indicated what actions Mr. Gray took or did not take which caused her any damage with respect to the custody dispute with Mr. Cardozo. Further, Ms. Holden has not provided any basis for liability against Mr. Gray. Stretching the allegations of the Complaint to encompass any state of facts, the Complaint only avers that Mr. Gray was one of the "listed attorneys" who "did not serve [her] best interests or do their due diligence in rectifying the situation." At most, Ms. Holden has attempted to state a malpractice claim. Under Massachusetts law, a legal malpractice claim requires evidence of the following elements: "'the attorney failed to exercise reasonable care and skill in handling the matter <u>for which the attorney was retained</u>; that the client has incurred a loss; and that the attorney's negligence is the proximate cause of the loss . . . .'" *Coastal Orthopaedic Institute, P.C. v. Bongiorno*, 61 Mass. App. Ct. 55, 58, 807 N.E.2d 187, 190 (2004), *quoting Colucci v. Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C.,* 25 Mass.App.Ct. 107, 111, 515 N.E.2d 891 (1987) (emphasis

added). Further, "[e]xistence of an attorney-client relationship is an element of a malpractice plaintiff's proof." *Miller v. Mooney*, 431 Mass. 57, 61, 725 N.E.2d 545, 549 (2000). "[T]he fact that an attorney agreed to, or did, represent a client in a particular matter does not necessarily create an attorney-client relationship as to other matters or affairs of that client. *Robertson v. Gaston Snow & Ely Bartlett*, 404 Mass. 515, 522, 536 N.E.2d 344, 348-349 (1989).

Ms. Holden has failed to allege any facts to support a claim of attorney malpractice. First and foremost, she has failed to state what the nature of the representation was of each of the six lawyers named in the Complaint. She has also failed to indicate what duty, if any, these lawyers owed her with respect to the allegedly improper custody proceedings in New York State, and the subsequent abduction of her son after an order was entered in the New York proceedings. Finally, Ms. Holden has not stated what loss she has suffered as a result of any breach of duty by Mr. Gray. As such, she has failed to state any claim against Mr. Gray for which relief can be granted, and this action must therefore be dismissed as against Mr. Gray.

Even if the malpractice claim were cognizable against Mr. Gray, it should be dismissed because there is no diversity of citizenship between Mr. Gray and Ms. Holden as required under 28 U.S.C. § 1332. The Complaint states that Ms. Holden is a resident of Weston, Massachusetts. Complaint, ¶ 1. The Complaint also provides Mr. Gray's place of business as Boston, Massachusetts. Complaint, ¶ 4(f). As such, there is no diversity of citizenship with respect to Mr. Gray, thus requiring dismissal.

Moreover, as a pendant state claim, it would be improper for the court to accept jurisdiction of the case under 28 U.S.C. 1367(a). The claim here of attorney malpractice is not so bound up with the facts of this case that it can be said that there is a "common nucleus of operative fact." *See Chaney v. City of Chicago*, 901 F.Supp. 266, 270-71 (N.D.Ill. 1995) ("We

cannot conclude, however, that the remaining § 1983 claim and the malpractice claim are 'so related . . . that they form part of the same case or controversy.' 28 U.S.C. § 1367. While they are tangentially related . . . they are, at bottom, two separate and distinct claims.")  Indeed, the attorney malpractice claims in this case would ostensibly arise under an entirely different set of facts that those underlying Ms. Holden's claims for the return of custody of her son to her, or any other relief requested by her in the Complaint.  Ms. Holden has made no federal law claim against any of her attorneys.  As such, dismissal of the pendent state malpractice action is appropriate.  *Id.*; *see also Johnson v. Doe*, 2001 WL 314618, *1 (S.D.N.Y.,2001) ("[O]nce the federal charges against the attorneys are dismissed, these claims amount to no more than an assertion of legal malpractice that is distinct and separable from plaintiff's surviving federal claims. The Court therefore declines to exercise its supplemental jurisdiction over plaintiff's state law claims against the attorneys . . . .")  As such, the claims against Mr. Gray must be dismissed.

## CONCLUSION

For the forgoing reasons, the Complaint against Mr. Gray must be dismissed with prejudice.

>  Respectfully submitted,
>  ROLAND GRAY, III
>  By his attorneys,
>
>  /s/ Nur-ul-Haq _____
>  Alan K. Posner, BBO No. 403900
>  aposner@rubrinrudman.com
>  Nur-ul-Haq, BBO No. 647448
>  nurulhaq@rubinrudman.com
>  Rubin and Rudman LLP
>  50 Rowes Wharf
>  Boston, MA  02110
>  (617) 330-7000

Dated: August 16, 2004

## CERTIFICATE OF SERVICE

      I, Nur-ul-Haq, hereby certify that on this 16th day of August, 2004, I caused to be served by first class mail, postage pre-paid a true copy of the foregoing upon all parties appearing *pro se* and counsel of record for all other named parties.

      /s/ Nur-ul-Haq