UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LUISA HAYWARD HOLDEN** ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **CLIVE CARDOZO, ET AL.** ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. <br> 04-11657-RGS |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MICHAEL B. COSENTINO'S MOTION TO DISMISS

Defendant Michael B. Cosentino, Esq.[1] ("Cosentino") hereby moves to dismiss this action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(4) for insufficiency process, Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process,[2] and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff Luisa Hayward Holden ("Plaintiff") wholly fails to demonstrate in her Complaint that there is a basis for federal court jurisdiction over Cosentino and her allegations of "malpractice" fall short of satisfying even the most

---

[1] Cosentino is misnamed as "Michael Constantino" in the Complaint.

[2] Under Fed. R. Civ. P. 4(a) a plaintiff must serve an original summons upon a defendant which "bear[s] the seal of the Court. In this case, Plaintiff served what appears to be a faxed Summons which does not bear the raised seal of the Court. See *Summons*, a true and accurate copy of which is attached as Exhibit A. Additionally, under Fed. R. Civ. P. 4(c)& (e), "[s]ervice may be effected by any person who is *not a party*" (emphasis added) pursuant to "the law of the state in which the district court is located," and under Fed. R. Civ. P. 4(d), a plaintiff may request that the defendant "waive service of a summons." Here, the Complaint was: (1) served by the Plaintiff herself, (2) sent via certified mail, which is not a manner of service authorized by the laws of the Commonwealth of Massachusetts, and (2) not accompanied by any waiver of service. Accordingly, in addition to the grounds discussed below, the Complaint must be dismissed for insufficiency of process under Fed. R. Civ. P. 12(b)(4) and insufficiency of service of process under Fed. R. Civ. P. 12(b)(5).

1

lenient pleading standards. Accordingly, Cosentino requests that this Court: (i) dismiss the Complaint with prejudice, and (ii) order Plaintiff to pay the attorney's fees and costs that he incurred in making this Motion to Dismiss.

## BACKGROUND

Defendant Michael B. Cosentino is an attorney who lives and works in Massachusetts. *Complaint at* ¶4(e). Plaintiff Luisa Hayward Holden ("Plaintiff") is a resident of Weston, Massachusetts. *Complaint at* ¶1. On or around July 26, 2004, Plaintiff commenced this action against eleven separate Defendants[3] in connection with a New York Court's decision to award sole custody of Quinn Holden-Cardozo, the Plaintiff's son, to Clive Cardozo, the child's father. *Complaint at* ¶¶2-5,20-25. Plaintiff claims, in her Complaint, that the Defendants' actions and/or inactions regarding the New York Court decision and subsequent transfer of custody of Quinn amount to a deprivation of Plaintiff's civil rights in violation of 42 U.S.C. §1983. *Complaint at* ¶9. The Complaint contains no specific allegations against Cosentino; indeed, the *only* allegation which could even remotely apply to Cosentino--and solely because of his status as an attorney-- is the conclusory and vague assertion that "[t]he listed attorneys did not serve Ms. Holden's best interests nor do their due diligence" in "rectifying" the "situation." *Complaint at* ¶32.

---

[3] The litany of Defendants include: Clive Cardozo, the State of New York Court System, six attorneys from various law firms in Massachusetts and New York, and the police chief, school superintendent, and town manager of the Town of Weston, Massachusetts. *Complaint at* ¶¶3-5.

2

## ARGUMENT

Under both Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6)[4] the Court may dismiss a complaint if it "appears beyond doubt that the [non-moving] party can prove no set of facts in support of [her] claims which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957) (footnote omitted). *See also Gorski v. N.H. Dept. of Corr.*, 290 F.3d 466,473 (1st Cir. 2002). While a Court must accept the allegations of a complaint as true on a motion to dismiss, it need not credit "bald assertions or unsupportable conclusions." *Chongris v. Bd. of Appeals of Town of Andover*, 811 F.2d 36, 37 (1st Cir. 1987) (internal citations omitted). *See also Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962, 971 (1st Cir. 1993) (stating that a plaintiff may not rely upon on unsupported conclusions or interpretations of law in opposing a motion to dismiss); *Coyne v. City of Somerville*, 972 F.2d 440,444 (1st Cir. 1992) (declaring that "subjective characterizations or conclusory descriptions of a general scenario which *could* be dominated by unpleaded facts" will not defeat a motion to dismiss) (internal citations omitted).[5] Further, the Court must keep in mind that party seeking to invoke the jurisdiction of a federal court "carries the burden of proving its existence." *Murphy v. U.S.*, 45 F.3d 520,522 (1st Cir. 1995) (internal citations omitted).

---

[4] While the legal standard for reviewing a motion to dismiss under Fed. R. 12(b)(6) is typically the same from case to case, the degree of specificity required of the facts pled in a complaint may vary somewhat depending on the nature of the case. *See e.g Dewey v. University of New Hampshire*, 694 F.2d 1, 3 (1st Cir.1982) (stating that a civil rights complaint must present more than "a general scenario which could be dominated by unpleaded facts").

[5] Additionally, Fed. R. Civ. P. 11 "subjects all litigants, including pro se litigants, to the requirement that their pleadings be 'well-grounded in fact, warranted by existing law [and] not interposed for any improper purpose.'" *Rogers v. Town of Northborough*, 188 F. Supp. 10, 16 (D. Mass. 2002) (quoting *Gallipeau v. Berard, et al.*, 971 F.2d 744 (1st Cir. 1992)). Failure to comply with Rule 11 "may result in sanctions being imposed by the court." *Id.*

Under 42 U.S.C. §1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State. . . subjects, or causes to be subjected, any citizen. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. §1983. The statute "supplies a private right of action against a person who, under color of state law, deprives another of rights secured by the Constitution or by federal law." *Evans v. Avery*, 100 F.3d 1033, 1036 (1st Cir.1996). It is well-established that actions taken by attorneys during the performance of a lawyer's traditional functions are not "under color of state law." *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that even court-appointed attorneys do "not act under color of state law when performing a lawyer's traditional functions"); *Page v. Sharpe*, 487 F.2d 567, 570 (1st Cir. 1973) (following other jurisdictions' determinations that "an attorney, whether appointed or retained, is not acting under color of law").

The Complaint should be dismissed: (i) under Fed. Rule Civ. P. 12(b)(1) as Plaintiff fails to bear the burden of demonstrating that federal jurisdiction exists with respect to Cosentino,[6] and (ii) because Plaintiff fails to allege *any* facts which could state a claim for civil rights violations under 42 U.S.C. §1983, much less any facts which could give possibly rise to a pendent state law claim for malpractice against Cosentino.[7]

---

[6] Presumably, Plaintiff relies on 42 U.S.C. §1983 as the sole basis for her assertion that this Court possesses "federal-question" jurisdiction over the claim against Cosentino. *See* 28 U.S.C. §1331 (a federal district court may exercise jurisdiction over any action in which the claim "aris[es] under" the Constitution, laws, or treaties of the United States). Diversity jurisdiction does not apply here as both Plaintiff and Cosentino are citizens of Massachusetts.

[7] In order to establish a claim for legal malpractice in Massachusetts, a plaintiff bears the burden of proving that: (1) her attorney committed a breach of the duty to use reasonable care, (2) plaintiff suffered actual loss, and (3) the attorney's negligence proximately caused such loss. *See Fishman v. Brooks*, 396 Mass. 643 (1986) (articulating the elements of a legal malpractice claim). Plaintiff's assertion that "[t]he listed attorneys did not serve Ms. Holden's best interests nor do their due diligence" falls far short of satisfying this standard.

4

The Complaint completely fails to state how or why Cosentino, a private attorney, allegedly acted under "acted under color of state law" in violation of 42 U.S.C. §1983. Even if Plaintiff *had* included a perfunctory allegation that Cosentino "acted under state law," under *Polk County* and *Page* the Complaint would still fail to state a claim upon given that an attorney's performance of a lawyer's traditional functions are not "under color of state law." Finally, the conclusory statement in Paragraph 32 of the Complaint that "[t]he listed attorneys did not serve Ms. Holden's best interests nor do their due diligence" is nothing more than the type of "bald assertion" and "unsubstantiated conclusion" rejected by the Courts in *Chongris, Washington Legal Foundation*, and *Coyne*. Given that Plaintiff has wholly disregarded Fed. Rule Civ. P. 11's mandate that a Complaint be "well-grounded" in fact and not interposed for any improper purpose, sanctions in the form of attorney's fees and costs should be awarded.

## CONCLUSION

For the foregoing reasons, Defendant Michael B. Cosentino respectfully requests that this Court: (i) dismiss the Complaint against him with prejudice, and (ii) order Plaintiff to pay Cosentino's reasonable attorney's fees and costs in making this Motion to Dismiss.

                                          **DEFENDANT MICHAEL B. COSENTINO,**

                                          Michael B. Cosentino, BBO#558036
                                          Lana Sullivan, BBO #649364
                                          SEEGEL, LIPSHUTZ & WILCHINS, P.C.
                                          Wellesley Office Park, Suite 200
                                          60 William Street
                                          Wellesley, Massachusetts 02481-3803
                                          Tel: (781) 237-4400

Dated: August 16, 2004                    Fax: (781) 235-2333