

August 16, 2004

Honourable Richard G. Stearns
John Joseph Moakley US Courthouse
1 Courthouse Way
Suite 2300
Boston, MA 02210

Re:  Holden v. Cardozo, et al.
      CV 04-11657 (RGS)

Dear Judge Stearns:

   I submit this letter as my answer to plaintiff Luisa Hayward Holden's complaint, in which she contends that she is entitled to damages because I illegally took my son from Massachusetts to New York. I ask the Court (1) to dismiss this action, and (2) to impose Rule11 sanctions if Ms. Holden makes any further attempt to use the federal courts to continue her frivolous claim.

   The history of this case is summarized in *Holden v. Cardozo*, 8 A.D.3d 567, 778 N.Y.S.2d 885 (N.Y. App. Div. 2d Dep't 2004). There the Appellate Division, in affirming the Family Court's order granting me custody of my son, stated:

> After weighing all of the appropriate factors, the Family Court properly denied the mother's petition to relocate to Massachusetts with the parties' child. . . .
>
> The Family Court properly held the mother in contempt of court for her willful violation of numerous clear and unequivocal court orders. . . .
>
> Given the mother's systematic pattern of acting to entirely remove the father from the life of the parties' child and her violation of numerous orders of visitation, which ultimately led to a finding of willful contempt and a sentence of incarceration, under the totality of the circumstances, transfer of custody to the father was in the child's best interests.

778 N.Y.S.2d at 86. This is a child custody matter over which this Court has no jurisdiction. Ms. Holden once had custody of our son, but because she denied me visitation and did everything in her power to sever all ties between my son and me, a New York Family Court awarded me custody. Because Ms. Holden refused to follow the Family Court's order and bring Quinn to me, I had no choice but to take the order to Massachusetts, where I delivered it to the police. The police enforced the order and delivered Quinn to me, and I took Quinn to New York.

Ms. Holden appealed to a New York appellate court but, as stated above, it affirmed the Family Court's order. I do not know whether Ms. Holden has attempted to take a further appeal to New York's highest appellate court.

This Court should dismiss her complaint.

Respectfully submitted,

Clive Cardozo
Pro Se

cc:  Luisa Hayward Holden
     19 Hilltop Road, Weston, MA 02493

   Supreme Court of Suffolk County, John P. Cohalan, Jr. Courthouse, 400 Carleton Avenue, Courtroom S-24
   Central Islip, New York 11722

   2nd Department of the Appellate Division of the Supreme Court, Suffolk County
   45 Monroe Place, Brooklyn, NY 11201

   Riverhead Family Court, 877 East Main Street, Riverhead, New York 11901

   Lana Cantrell, 300 East 71st Street, 19A, New York, NY 10021

   Thomas T. McVann Jr., 100 Mill Road, PO Box 827, Westhampton Beach, NY 11978

   Steve Schlissel, Schlissel, Ostrow Karabatos, Poepplein, Cender & Fisher PLLC., 200 Garden City
   Plaza, Suite 301, Garden City, NY 11530

   Damon Scarano, 60 Commercial Wharf, Boston, MA 02110

   Michael B. Constantino, Seegel, Lipshutz & Wilchins P.C., Wellsely Office Park, 60 Williams Street,
   Suite 200, Wellsely, MA 02481-3803

   Town Manager, Carl F. Valente, c/o Weston Town Hall, Town House Road, PO Box 378, Weston, MA
   02493

   Dr. Alan Oliff, Superintendent, Weston School Department, School Street, Weston, MA 02493

   Chief Shaw, Weston Police Department, 180 Boston Post Road, Weston, MA 02493