UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11657-RGS

LUISA HAYWARD HOLDEN

v.

CLIVE CARDOZO, ET AL.

MEMORANDUM AND ORDER
TO SHOW CAUSE

August 25, 2004

STEARNS, D.J.

On July 26, 2004, plaintiff Luisa Holden filed a "Complaint with Request for Emergency Relief" asserting that her son Quinn had been abducted by his "alleged" father, defendant Clive Cardozo, from an elementary school in Weston, Massachusetts on June 6, 2003. In addition to Cardozo, Holden names as defendants the "State of New York Court System," six attorneys who represented Ms. Holden (presumably in the custody dispute with Cardozo), the Town of Weston, and three town officials who were apparently involved in the enforcement of the New York custody order. Holden's complaint in essence asks this court to invalidate the orders of the Suffolk County New York Family Court, award her custody of her son, and compensate her for pain and suffering. As the court explained in ruling on Holden's "emergency" request for injunctive relief, this Court has no subject matter jurisdiction over child custody disputes. Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). Nor, as was explained to plaintiff, does a federal district court

have the power to correct the alleged errors of a sister state court.  See Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999) (the Rooker-Feldman doctrine "precludes a federal action if the relief requested in the federal action would effectively reverse [a] state court decision or void its holding.").

The history of the New York custody case is summarized in Holden v. Cardozo, 8 A.D.3d 567, 778 N.Y.S.2d 885 (N.Y. App. Div. 2d Dep't. 2004).[1]  On June 7, 2002, Holden's petition to relocate to Massachusetts with her son was denied, and she was ordered by the Family Court to return with Quinn within thirty days to a location not to exceed 35 miles from the westernmost point of Suffolk County, New York.  The New York Appellate Division subsequently affirmed the Family Court's orders with the following observations.

> After weighing all of the appropriate factors, the Family Court properly denied the mother's petition to relocate to Massachusetts with the parties' child. . . . The Family Court properly held the mother in contempt of court for her willful violation of numerous clear and unequivocal court orders. . . . Given the mother's systematic pattern of acting to entirely remove the father from the life of the parties' child and her violation of numerous orders of visitation, which ultimately led to a finding of willful contempt and a sentence of incarceration, under the totality of the circumstances, transfer of custody to the father was in the child's best interests.

Cardozo's letter/motion requesting that the court dismiss Holden's child custody claims against him is ALLOWED.  As the claims against the remaining defendants are not supported by any ascertainable facts or appropriate requests for relief, the Court will ORDER plaintiff to show case within twenty-one days as to why the Complaint should not

---

[1] While a court ordinarily confines itself to the allegations of the complaint in ruling on a motion to dismiss, it may also look to matters of public record.  See Boateng v. Interamerican University, Inc., 210 F.3d 56, 60 (1st Cir. 2000).

be dismissed in its entirety,[2] without requiring any additional responses from the remaining defendants in the interim.

                                SO ORDERED.

                                /s/ Richard G. Stearns

                                _____
                                UNITED STATES DISTRICT JUDGE

---

[2] Among the grounds supporting dismissal of the claims against the remaining defendants are the absence of diversity of citizenship between Holden and the malpractice defendants residing in Massachusetts; the quasi-judicial immunity conferred on public officials executing court orders, Baker v. McCollan, 443 U.S. 137, 145-146 (1979); the absence of any allegation of an unconstitutional policy or custom on the part of the Town of Weston, see Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978); and the Eleventh Amendment immunity of the New York Court System as an agency of the State of New York from suit, see Will v. Michigan Department of State Police, 491 U.S. 58, 70 (1989).