UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------X
LUISA HAYWARD HOLDEN,

                Plaintiff

V.                                       **Civil Action No. 04-11657-RGS**

CLIVE CARDOZO, et. al.,
                Defendants.
-----------------------------------------------------X

## MOTION TO DISMISS DEFENDANT
## THOMAS T. McVANN, JR. PURSUANT TO FED. R. CIV. P. 12(B)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6) and L.R. 7.1 the Defendant in t he above-captioned action, Thomas T. McVann, Jr. hereby moves to dismiss the Complaint with prejudice as it pertains to him. In support of this Motion, Mr. McVann submits a memorandum of law and states the following:

1.      The gravamen of the Complaint is that the Plaintiff Luisa Hayward Holden lost custody of her minor son as a result of an order entered against her in the Supreme Court of the State of New York, Suffolk County. Ms. Holden claims that she never received proper notice of the New York proceedings and that the custody order was without due process and in violation of her civil rights. As a result of the New York order, Ms. Holden alleges, the purported father of the child was able to forcibly abduct the child from his school on June 6, 2003 with the assistance of the Weston Police Department.

2.      The Complaint only references Mr. McVann as among a list of "Defendant, attorneys [Ms. Holden] retained that represented [her]." Complaint, paragraph 4. Mr. McVann is otherwise never mentioned in the body of the Complaint.

3. The only allegations in the Complaint that could be said to pertain to Mr. McVann is that the "listed attorneys did not serve Ms. Holden's best interests nor do their due diligence in rectifying this situation." Complaint, paragraph 32. This allegation alone is insufficient to make out even a claim of attorney malpractice where Complaint lacks the crucial element of the tort that established that there was an attorney client relationship between Mr. McVann and Ms. Holden on the matters for which she claims loss. *Cf. Robertson v. Gaston Snow & Ely Bartlett*, 404 Mass. 515, 522, 536 n.e.2D 344, 348-49 (1989).

4. To the extent jurisdiction of this court is premises upon federal question claims loosely alluded to in the Complaint, the attorney malpractice claims do not share a common nucleus of operative fact and therefore there is no supplemental jurisdiction over those pendent state law claims under 28 U.S.C. Section 1367. *See Chaney v. City of Chicago*, 901 F.Supp. 266-270-71 (N.D.I.ll. 1995).

WHEREFORE, the Complaint against Mr. McVann must be dismissed with prejudice.

Respectfully submitted,

_____
THOMAS T. McVANN, JR. (TTM-9444)
Pro Se
100 Mill Road - PO Box 827
Westhampton Beach, New York 11978
Phone: (631) 288-6500

## CERTIFICATE OF SERVICE

I, Lorraine J. Caldara, hereby certify that on this 24th day of August, 2004, I caused to be served by first class mail, postage pre-paid a true copy of the foregoing upon all parties appearing pro se and counsel of record for all other named parties.

*Lorraine J. Caldara*
LORRAINE J. CALDARA