UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------------X

LUISA HAYWARD HOLDEN,

                           Plaintiff

      V.                               **Civil Action No. 04-11657-RGS**

CLIVE CARDOZO, et. al.,

                        Defendants.

-------------------------------------------------X

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS DEFENDANT THOMAS T. McVANN, JR. PURSUANT TO FED. R. CIV. P. 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6) and L.R. 7.1 the Defendant in the above-captioned action, Thomas T. McVann, Jr. hereby moves to dismiss the Complaint as it pertains to him, as the Plaintiff Luisa Hayward Holden has alleged no facts which state a cause of action against Mr. McVann. As such, the Complaint must be dismissed as to Mr. McVann with prejudice.

### FACTUAL BACKGROUND

The facts stated herein are those recited in Ms. Holden's Complaint, and are taken as true solely for the purpose of this Motion to Dismiss. *Calderon-Ortiz v. Laboy-Alvarado*, 300 F.3d 60, 63 (1st Cir. 2002) ("Accordingly, we accept as true the facts alleged by plaintiffs in their complaint, drawing all reasonable inferences in their favor.")

Ms. Holden is a resident of Weston, Massachusetts with her minor son, Q.H[1] Complaint, paragraph 14. Defendant Clive Cardozo is Q.H.'s purported father, however, Ms. Holden disputes Mr. Cardozo's claim to paternity. Complaint, paragraph 10. Mr. Cardozo allegedly forcibly abducted Q.H. From the Field School on June 6, 2003. Complaint, paragraph 15. Q.H.

---

[1]   Pursuant to L.R.5.3(A)(2), the minor child shall be referred to only by his initials.

did not go willingly with Mr. Cardozo and has allegedly suffered injuries and trauma from the incident. Complaint, paragraphs 16, 26.

Ms. Holden and Mr. Cardozo have been parties to several actions concerning Q.H. In Massachusetts and New York. Ms. Holden also filed a Complaint to establish Paternity against Mr. Cardozo in the Middlesex County Probate and Family Court on August 7, 2003. Complaint, paragraph 10. Ms. Holden obtained a no-abuse order from the Waltham District Court on October 15, 2002. Complaint, paragraph 29. Meanwhile, Mr. Cardozo obtained an order from the Supreme Court of New York, Suffolk County for custody of the minor child based upon Ms. Holden's alleged failure to appear for a hearing of which she supposedly had no notice. Complaint, paragraphs 15, 23, 31, Enclosure 6. Ms. Holden claims that "the listed attorneys did serve Ms. Holden's best interests nor do their due diligence in rectifying this situation." Complaint, paragraph 32. Ms. Holden has not stated any further allegations of fact with regard to any of the "listed attorneys" in the Complaint.

## ARGUMENT

The standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6) requires the court to consider all well-pleaded allegations in the complaint as true, and to determine whether "relief could be granted under any set of facts that could be proved consistent with the allegations." *Lalonde v. Textron, Inc.* 369 F.3d 1, 6 (1st Cir. 2004), *quoting Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002). While the standard is admittedly very liberal, the First Circuit has reiterated that "Rule 12(b)(6) is not entirely a toothless tiger." *Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir. 1989). In order to survive a motion to dismiss under Rule 12(b)(6), the complaint must "set forth minimal facts as to who did what to whom, when, where, and why -

although why, when why means the actor's state of mind, can be averred generally." *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004).

Ms. Holden has not satisfied her burden of alleging any facts to support a claim against Mr. McVann on this action. First, while Mr. McVann is listed in paragraph 4 of the Complaint as "The Defendant attorneys [Ms. Holden] retained that represent [her]," Mr. McVann is not mentioned once by name in the remainder of the Complaint. Indeed, the listed attorneys are mentioned only once in paragraph 32. Where there is no mention of Mr. McVann in the body of the Complaint, the Complaint may be properly dismissed as failing to state a claim against him. *See Pandey v. Freedman*, 66 F.3d 306, 1995 WL 568490, *3 (1st Cir. 1995) ("Although named as a defendant in the caption, the law firm is not mentioned in the body of the complaint. Therefore, the district court did not err in ruling that Pandey had failed to state a claim against the law firm.")

At a minimum, Ms. Holden has not indicated what actions Mr. McVann took or did not take which caused her any damage with respect to the custody dispute with Mr. Cardozo. Further, Ms. Holden has not provided any basis for liability against Mr. McVann. Stretching the allegations of the Complaint to encompass any state of facts, the Complaint only avers that Mr. McVann was one of the "listed attorneys" who "did not serve [her] best interests or do their due diligence in rectifying the situation." At most, Ms. Holden has attempted to state a malpractice claim. Under New York law, a legal malpractice claim requires evidence of the following elements: "the attorney failed to exercise reasonable care and skill in handling the matter *for which the attorney was retained*; that the client has incurred a loss; and that the attorney's negligence is the proximate cause of the loss........" *Coastal Orthopaedic Institute, P.C. V. Bongiorno*, 61 Mass App Ct. 55, 58, 807 N.E.2d 187, 190 (2004), *quoting Colucci v. Rosen, Goldberg,*

*Slavet, Levenson & Wekstein, P.C.,* 25 Mass.App.Ct. 107, 111, 515 N.E.2d 891 (1987) (emphasis

added). Further, "[e]xistence of an attorney-client relationship is an element of a malpractice

plaintiff's proof.." *Miller v. Mooney,* 431 Mass. 57, 61, 725 N.E.2d 545, 549 (2000). "[T}he fact

that an attorney agreed to, or did, represent a client in a particular matter does not necessarily

create an attorney-client relationship as to other matters or affairs of that client. *Robertson v.*

*Gaston Snow & Ely Bartlett,* 404 Mass. 515, 522, 536 N.E.2d 344, 348-349 (1989).

Ms. Holden has failed to allege any facts to support a claim of attorney malpractice. First

and foremost, she has failed to state what the nature of the representation was of each of the six

lawyers named in the Complaint. She has also failed to indicate what duty, if any, these lawyers

owed her with respect to the allegedly improper custody proceedings in New York State, and the

subsequent abduction of her son after an order was entered in the New York proceedings.

Finally, Ms. Holden has not stated what loss she has suffered as a result of any breach of duty by

Mr. McVann. As such, she has failed to state any claim against Mr. McVann for which relief can

be granted, and this action must therefore be dismissed as against Mr. McVann.

Moreover, as a pendant state claim, it would be improper for the court to accept jurisdic-

tion of he case under 28 U.S.C. 1367(a). The claim hereof attorney malpractice is not so bound

up with the facts of this case that it can be said that there is a "common nucleus of operative

fact." *See Chaney v. City of Chicago,* 901 F.Supp. 266, 270-71 (N.D.Ill 1995) ("We cannot

conclude, however, that the remaining Section 1983 claim and the malpractice claim are 'so

related....that they form part of the same case or controversy.'28 U.S.C. Section 1367. While

they are tangentially related....they are, at bottom, two separate and distinct claims.") Indeed, the

attorney malpractice claims in this case would ostensibly arise under an entirely different set of

facts that those underlying Ms. Holden's claims for the return of custody of her son to her, or any

other relief requested by her in the Complaint. Ms. Holden has made no federal law claim against any of her attorneys. As such, Dismissal of the pendent state malpractice action is appropriate. Id; see also Johnson v. Doe, 2001 WL 314618, *1 (S.D.N.Y., 2001) ("[O]nce the federal charges against the attorneys are dismissed, these claims amount to no more than an assertion of legal malpractice that is distinct and separable from plaintiff's surviving federal claims. The Court therefore declines to exercise its supplemental jurisdiction over plaintiff's state law claims against the attorneys......") As such, the claims against Mr. McVann must be dismissed.

## LACK OF PERSONAL JURISDICTION

Federal practice requires personal service to be made in accordance with State law. Under New York's Civil Practice Law and Rules (NY "CPLR") Section 30, there are no provisions under which services can be made by certified mail by a party to a party as was done by Ms. Holden. As a result this Court lacks personal jurisdiction over defendant McVann even if there was an alleged justiciable claim.

## CONCLUSION

For the forgoing reasons, the Complaint against Mr. McVann must be dismissed with prejudice.

Respectfully submitted,

THOMAS T. McVANN, JR. (TTM-9444)
Pro Se
100 Mill Road - PO Box 827
Westhampton Beach, New York 11978
Phone: (631) 288-6500

## CERTIFICATE OF SERVICE

I, Lorraine J. Caldara, hereby certify that on this 24th day of August, 2004, I caused to be served by first class mail, postage pre-paid a true copy of the foregoing upon all parties appearing pro se and counsel of record for all other named parties.

*Lorraine J Caldara*

LORRAINE J. CALDARA