court. McVann failed to inform the court. This lack of due diligence by McVann caused great harm, pain and suffering to my case.

- As there is a discrepancy in blood types between Clive Cardozo and Quinn Holden, Attorney McVann sent a letter to Cardozo requesting a blood sample. Cardozo refused. McVann never brought these issues up in the Riverhead Family Court and thus paternity was never properly adjudicated.

- In June, 2004, I sent McVann a certified letter that he received asking him to appear at the New York Supreme Court to answer questions regarding the abandoned case and to give a detailed analysis of the billing. He failed to appear.

- Because of the gross negligence in this case, I am requesting the return of my legal fees paid to Attorney McVann.

IN RESPONSE TO LANA CANTRELL, SHE WAS NEGLIGENT BY:

- Lana Cantrell never responded to the initial complaint.

- Lana Cantrell never reviewed the file of the Riverhead Family Court to insure that I was properly served. If she had reviewed the file, Cantrell would not have had appealed to the Appellate Court.

- Cantrell's notice of appeal to the Appellate Court was unsigned (court requirement) and substantively incorrect. She did not address the main point of the June 7, 2002 order in that it was not served and contains no Family Act, se. 1113, appeal clause. Therefore, the decision at the Appellate Court is incorrect.

- Cantrell never checked the file at the New York Supreme Court to see if service was proper to give the Court jurisdiction in the question of marriage or divorce. The service

was incorrect because the Affidavit of Service did not comply on face value with New York Matrimonial Service laws, which are very strict.

- There was a default judgment issued April 15, 2003, by Judge Blass of the Riverhead Family Court. Cantrell did not check the file for proper service. Cantrell did not put the proper motion in front of Judge Blass to adequately deal with the default. This lack of due diligence caused great pain and suffering to me and my case.

- Since I was not properly served, I did not show up for a hearing on April 15, 2003. Since I did not show up for the hearing, Judge Blass issued a change in custody of my child.

- On May 9, 2003, Lana Cantrell informed by telephone me that there was a hearing to vacate at the Riverhead Family Court. I did not receive notice of this hearing. On May 12, 2003, I arrived at the Riverhead Family Court with Lana Cantrell. Upon arriving I was arrested and thrown in jail. No explanation was provided for jailing me. I had to post $10,000.00 bail. I returned to Court the following day under her instruction for a disposition. There was nothing issued in writing, regarding the matter before the court and requiring me to appear. I was arrested again and thrown in jail again. Cantrell went to the Appellate Court and I was released.

- Her gross negligence and lack of due diligence has caused me great pain and suffering.

- Because of the gross negligence in this case, I am requesting the return of my legal fees paid to Attorney Cantrell.

IN RESPONSE TO DAMON SCARANO, HE WAS NEGLIGENT BY:

- The allegations Scarano made in his response as to repeated harassment of reporting judges and lawyers to peer groups in this matter are untrue. I filed grievances against

three attorneys in the State of New York. Any charges I have presented have been backed up with prima facie evidence.

- Scarano did not reply in a timely manner.
- I showed Scarano the improper service of the June 7, 2002 order at the Riverhead family Court. He would not present to the Riverhead Family Court the improper lack of service of the June 7, 2002 order as requested. There was no signed, return receipt as required by law or order with the appeal notice to the Appellate Court.
- Never reviewed the faulty Order to Show Cause and the Default Judgment which changed custody.
- His gross negligence and lack of due diligence has caused me great pain and suffering.
- I have made a good faith effort to contact Attorney Scarano and asked him for the $5000.00 I paid him.
- I am not extremely wealthy and do not have multi-million dollar trusts. Even so, these matters are not pertinent to this case.
- Because of the gross negligence in this case, I am requesting the return of my legal fees paid to Attorney Scarano.

IN RESPONSE TO STEVE SCHLISSEL, HE WAS NEGLIGENT BY:

- Schlissel did not review the service of the June 7, 2002 Order or bring it to the attention of the court that there was no signed, signature return receipt by Luisa Holden in the file.
- Schlissel never checked the file at the New York Supreme Court to see if service was proper to give the Court jurisdiction in the question of marriage or divorce. The service was incorrect because the Affidavit of Service did not comply on face value with New York Matrimonial Service laws, which are very strict. Service on the intervention was

also incorrect as it was served on Attorney McVann. Attorney Schlissel never responded to that issue.

- There was a default judgment issued April 15, 2003, by Judge Blass of the Riverhead Family Court upon a faulty order to show cause. Schlissel did not check the file for proper service. Schlissel did not put the proper motion in front of Judge Blass to adequately deal with the default. This lack of due diligence caused great pain and suffering to me and my case.

- Because of the gross negligence in this case, I am requesting the return of my legal fees paid to Attorney Schlissel.

IN RESPONSE TO ATTORNEY MICHEAL CONSTANTINO, HE WAS NEGLIGENT BY:

- Never responded to a letter to meet with the Weston Town Council, dated December 23, 2003.

- Constantino instructed me not to attend the Middlesex Probate Court regarding the taking of Quinn in December, 2003. Since I was not present, Honorable Judge Dilday ruled against my case.

- Because of the gross negligence in this case, I am requesting the return of my legal fees paid to Attorney Constantino.

IN RESPONSE TO ATTORNEY ROLAND GRAY, HE WAS NEGLIGENT BY:

- Attorney Gray was hired to consult with Attorney McVann and issued payments to McVann on my behalf totaling around $50,000.00.

- Attorney Gray was negligent in overseeing Atty. McVann.

- Attorney Gray came to New York and did not give proper notification to J.H.O. Snellenberg and thus was not allowed to be heard. This is negligent on the parts of Attorneys Gray and McVann.

- Attorney Gray did not follow the proper procedure; on his cover letter only selected parties were carbon-copied.

- Because of the gross negligence in this case, I am requesting the return of my legal fees paid to Attorney Gray.

IN RESPONSE TO THE TOWN OF WESTON:

- I have not received any communication from the Town of Weston. In making a good faith effort, I contacted via telephone, fax, and mail the Town Manager, Mr. Valente and requested a meeting with him and the Town's counsel. I have yet to hear a response.

- I feel the conduct of Town of Weston officials has been properly presented in my case.

- I am seeking damages and redress from the Town of Weston for 1983 Civil Action asserting a substantive and procedural due process loss of companionship of my child due to deliberate indifference and/or reckless disregard and malicious prosecution alleging excessive force by the Town of Weston Police Department.

IN RESPONSE TO THE NEW YORK STATE COURT SYSTEM:

- I served the New York Court system as instructed by the Clerk's Office of the First District Court.

- The Attorney General of New York responded in a letter, posted August 17, 2004 stating "the plaintiff has not attained in personam jurisdiction over the state court defendants because of the defective service of process."

- I feel that the case of judicial irresponsibility, bad faith, deliberate indifference, reckless disregard and malicious behavior against the State of New York Court system has been shown on the evidence presented in my case and the case file.

MOTION FOR RELIEF

As I am filing pro se,

1) As a result of defendants' conduct, the plaintiff suffered harm for which she is entitled to the return of her child, Quinn Holden, and is entitled to money damages in an amount to be determined.

2) Refer to the United States Attorney's Office the kidnapping charge against Clive Cardozo and accomplices.

3) The plaintiff has suffered as a result of the New York Court Systems judicial conduct of bad faith, judicial negligence in their professional responsibility or malicious conduct for which the plaintiff seeks redress.

4) As a result of the Town of Weston, MA improper lack of policies, procedures, practices, rules, etc, regarding the lack of substantive due process and the substantive and procedural incorrect piece of paper Cardozo came with that they acted on showed their deliberate indifference and reckless conduct. The plaintiff has suffered harm for which she is entitled to damages in an amount to be determined.

5) Plaintiff has incurred attorney fees and court costs in this action for which she seeks reimbursement under 42 U.S.C. Sec. 1983 & 1988

6) And for any further relief to the plaintiff that the court deems necessary.

By _Luisa H. Holden_

Luisa H. Holden, *pro se*

19 Hilltop Road

Weston, MA 02493

781-354-2106 (cell), 781-647-1115 (home/fax)

ENCLOSURES
1) Commonwealth Of Massachusetts, The Trial Court, Probate and Family Court Department, Docket No. 03W1156-PA Complaint to Establish Paternity.
2) Unsigned Order to Show Cause, served on John Doe
3) Copy of email, dated 6/4/03, from Cardozo requesting visit with Quinn
4) Faxed, Uncertified New York State Court Order, May 15, 2003
5) Weston, MA Police Incident Report, 6/6/03.
6) Quinn Holden notarized statement at Weston Police Department, 4/18/03
7) Letter to Judge Gregory Blass, Riverhead Family Court, dated 7/18/04.
8) Letter to the Editor, Mary Menino, Weston Town Crier
9) Affidavit, releasing Luisa Holden on May 15, 2003, at 9:15 AM
10) General Laws of Massachusetts, section 209 B with form
11) Waltham District Court, Waltham, MA, Docket No. 0251 RO 302
12) Supreme Court, State of New York, Affidavit of Service, Index No. 00-06248, not in compliance with CPLR
13) Letter to Judge Blass, dated September 3, 2004

SUPPORTING AFFIDAVITS

14) Wilmot Whitney, affidavit, 9/21/03
15) Wilmot Whitney, affidavit, 11/6/03
16) Luisa Holden, affidavit, 5/9/04
17) Mary Menino, affidavit, May, 17, 2004
18) Mary Ellen Sikes, affidavit, 5/16/04
19) George L. Hardman MD, Letter to Marjorie Zuckerman, 4/20/03
20) George L. Hardman MD, Letter to Marjorie Zuckerman, 5/2/04

Cc:   Clive Cardozo
      Clerk, New York Supreme Court, Suffolk County
      Clerk, Riverhead Family Court, Suffolk County
      Attorney Lana Cantrell
      Attorney Thomas T. McVann Jr.
      Attorney Steve Schlissel
      Attorney Damon Scarano
      Attorney Michael B. Constantino
      Attorney Roland Gray 3rd
      Town of Weston