04 11657
12/09/04

Mr. Perry,                                    December 8, 2004

I am not sure if I am suppose to send copies to everyone. This letter is to correct a mistake that was made in the docketing a long time ago.
I am greatly upset at the handling of this case and the fact that nobody cares about my son who was treated so violently.
I called Marjorie Zuckerman's Office and her secretary said there is no affidavit that they sent to the Federal Court. What was docketed 8/12/04?
Clive's letter/motion was late as were all the answers I received and my request for default judgement were never answered and yet they were timely filed and sent to all parties.
I have lost faith in the system. This is a simple egregious Kidnapping of a minor child. It is a nightmare. It is a federal issue.

                              Luisa H. Holden

cc: Mary Johnson, case manager to the Honorable Judge Stearns
    (617) 748-9142

December 2, 2004

United States District Court
District of Massachusetts (Boston)
U. S. Court House
1 Court House Way
Suite 2300        *Mary Johnson (courtroom) 748-9162*
Boston, Ma. 02210      *Elaine Flaherty (docket) 748-9112*

RE: DOCKET #: 11657-RGS

Dear Honorable Judge Stearns,

Pro se, with leave of the court, I am requesting a review of the docketing of the above
entitled case.

I failed the complaint, copied and served it with the summons as instructed by certified
green card signature return receipt. All parties acknowledged receipt by signature , in
writing or verbally. The docketing sheet does not acknowledge or record the return filing
of the green card receipts. Nor does it show the default judgement requests filed and
served on all parties. In addition, there is an affidavit from Marjorie Zuckerman docketed
8/12/04 which was not on the previous print out of the docket sheet and I did not receive
a copy of it.

Most important, there is a minor involved in this case who is my natural born American
son, Quinn Hayward Holden , who was seized in this jurisdiction, about 20 miles from
this court, in Weston, MA, at a public school and flown out of this Commonwealth
without a certified, sealed order and there was no identification requested or papers filed
or verified in advance, yet excessive force was used on my son that showed the
negligence and reckless endangerment on the part of the Weston Police.

I am **a very good mother and have made a good faith effort with the New York
Courts(who have been acting in bad faith and even malicious) ,Clive Cardozo and
the lawyers who have carried this on and did not do their due diligence.** I am greatly
alarmed at the lack of concern for the treatment of my son and dismayed that I told my
son who said to me "I want to run, but I am scared that if they catch me it will be worse
when they bring me back.": "Don't I want to do this legally." The system has failed my
son and it has failed me.  I witnessed clear child abuse, abduction, and common law
kidnapping of Quinn Hayward Holden, my natural born son, at the Weston Public School
on June 6, 2003. My son did not deserve this and neither did I deserve what the New
York Court System has done to me.

I only want you to know this case has not been docketed properly and Clive Cardozo did
not reply in time, nor did he deny any of the charges of abuse, drugs, abduction,
kidnapping or working unlawfully as a resident alien. *(Nor did he send copies to all parties!*

My son was right. This case is a disgrace to the American Law System, as he wrote in his attached notarized statement.* I have given up, having made a good faith effort , I myself have lost faith in the system. This case has a substantial federal issue- the taking of a minor from a public classroom, without proper authority, discretion or valid paper work or information. Everyone was acting on everyone else's word without confirming anything in advance. My son deserved more respect.

Thus, I ask you to look closely at:

1) the docketing of this case,
2) The violation by the police and Clive of the MGL 209A in effect at the time,
3) The traumatic affect on the teachers, librarian and school children, let alone Quinn and myself,
4) The new development that Clive Cardozo applied for a passport for Quinn to go to Puerto Rico which Quinn did not need,
5) New York charging support without any visitation, and
6) The order Clive Cardozo came with is fraudulently based, or based on a default judgement without proper service, which is a nullity. This is causing damage to my son and to think otherwise is just down right wrong. I have given evidence to substantiate my claims and to carry this on another day is unjust. It was a civil matter inappropriately handled and it became an egregious crime. It was child abuse, abduction/ kidnapping.

I was told to submit to you my concerns in writing and they will be placed in front of you. I have not sent copies to everyone because , as I have said , I have given up. But for my sons sake, his notarized statement should be read and on file because he is absolutely right. In addition, he has openly stated he wants to come home and they will not let him. What warrants taking the child away from the mother and not listening to a word Quinn said which was true? This case got way out of hand and the system let my son down.

Respectfully,

*Luisa H. Holden*

Luisa H. Holden
19 Hilltop Road
Weston, MA 02493
(781)647-1115/ (781) 354-2106

I, Quinn H. Holden, am ~~seni~~ placing a statement. I object to the decishon of Clive ~~_____~~ having soul custody ~~_____~~, or any type of custody over me.

In the past he has beaten me and smoked pot and cigarettes around me, which most likely has damaged my lunges from second-hand smoke. This decisioo is a disgrace to the American law system.

I do not want to live with Clive. I do not want to go to New York to see Clive. He doesn't come to see me or even call me. I want to live with my mom and be with my freinds here in Massachusetts. With that I hope you know my frustration and anger towords this case, and I hope you understand me now.

Quinn H. Holden

~~signature~~ EXP 1/15/07.

Supreme Court of the State of New York
Appellate Division: Second Judicial Department

------------------------------------------------------------

Luisa H. Holden, Appellant

v

Clive Cardozo, Respondent

------------------------------------------------------------

Motion to Dismiss
and
AFFIDAVIT
Appellate Docket No: 2003-04955/2003-04249
Commonwealth of Massachusetts
County of Middlesex } ss

I ,Luisa H. Holden ,moved home to the Commonwealth of Massachusetts in September 2000 with consent.  I have lived here ever since.  Six months after moving back home to Massachusetts, my son Quinn and I became legal residents of Massachusetts.  I filed a Motion to Dismiss in front of Hearing Officer Snellenberg and documentation that sustains this legal jurisdiction, Massachusetts , on September 14,2001.

Again, I put forth another Motion to Dismiss after the trial with Hearing Officer Snellenberg and he treated it as a request for retrial, not as I requested.  I am requesting that you dismiss this case promptly, either by Renewal of Proir Motion to Dismiss or this affidavit of no service of contempt which one than can motion to dismiss and the Supreme Court can issue a writ of relief.

I motion pursuant to Federal Rule 12 and NYCPLR 3211 (8) and other subsections:

**(1) The June 7, 2002 order was not properly served as prescribed in the order itself, by signed signature return receipt.**

(2) Service of the order was mandated by the court through an attorney the court had previously released as my counsel and who no longer represented me. (See attached Sheet dated June 6,2002)

(3)The appeal notice under McKinney's Family Court Act 1113 was not conspicuously printed on the top of the order rendered by Hearing Officer Snellenburg. The June 7, 2002 order was not certified or did not bear a raised seal to make it a legal order.

(4) Hearing Officer Snellenberg  stated he did not rule in the best interest of my son, Quinn, which is the law.

The service factors make this order invalid to hold someone in contempt. With insufficiency of process and insufficiency of service of process, in addition to failure to state a claim upon which relief can be granted, and lack of jurisdiction because New York had not signed on to the UCCJE Act to enforce retaining jurisdiction, I move to dismiss immediately.

The Supreme Court has authority to issue writ of prohibition to Family Court,

1

should Family Court exceed its jurisdiction and abuses its discretion , and in such case, one is entitled to appellate review of Supreme Court's exercise of discretion in granting writ, because without the legitimate certified signed signature return receipt I can not be held in contempt. This has been a grave injustice.

There may be a finding of bad faith, maliciousness or recklessness on the part of the Family Court Judge in erroneously further exercising jurisdiction over the case and the subsequent change of custody proceeding under CLS Family Court S 652 or 651 and a supplementary petition maybe granted to assess damages and counsel fees under 42 USCS S1983 and /or 1988.

This affidavit is to demand the court that relief should be granted because the consequences of carrying on this case have been wrong and horrific. The attached evidence and lack of a signature signed return receipt as stated in the following transcript excerpt , constitutes newly discovered evidence or points misapprehended or overlooked, sufficient to raise questions of fact and law in this courts decision: Without being served, how can one be held in contempt? Under an Order to Show Cause to prove I am in contempt , which order contains the usual clause "or for other relief", the Supreme Court has the power to grant any relief to which the person requests. There is certainly an injustice here which can be further prevented by this action of granting relief.

A preemptory writ may issue in the the first instance if the facts upon which the application is based are undisputed- there is no certified, signature signed, return receipt of service as dictated service in the June 7, 2002 order - or admitted, and are sufficient to authorize the writ.

I command the performance of an official duty, in a case where it has been admitted by the officer in charge there is nothing in the file to verify this certified signed signature return receipt and where a right to require this performance exists in the party demanding it-produce the certified signed signature return receipt-before being held in contempt. Communication with an old lawyer exparte is not sufficient to confirm service before holding someone in contempt.

The transcript of the proceeding on January 8,2003, states :

" Ms. Holden, who at the time was represented--on the proceeding was represented by Mr. , Mahon (phonetic) I am sure was advised about her rights to appeal because he had told me not only did he serve her with a copy of the decision and the other matters, but in accordance with the order of determination, but he also---he told me physically that he advised her of her right to appeal. There is nothing in the file that confirms that, but that was a personal communication from Mr. McMahon to myself, you know."(p.4)

This proceeding was held it appears in Central Islip according to the transcript. I did not know where this proceeding was .

One can not be held in contempt on hearsay The specific service had not been obtained to hold me in contempt , before holding me in contempt and carrying on the case. I reviewed the file and there is no certified signed signature return receipt as mandated service in the June 7,2002 order. Why did they continue this case without verifying service because for contempt service has to be strictly adhered to? Hearsay does not suffice. Why didn't they serve the June 7,2002 order with the appeal on it as they said they were going to?

In addition, while a defendant subject to a long arm jurisdiction of the court may be served out side the state of new York, that service must be made in the foreign jurisdiction in a manner of service authorized under the laws of the state of New York and as specified in the order. Breer v Sears, Roebuck and Company ,2000, 184 Misc 2d 916,709N.Y.S. 2d 798. This did not happen with the June7,2002 order or the March 17 Order to Show Cause which again dictated personal service but was served on John Doe. Who is John Doe? (see attached service sheet dated 3/29/03)

Furthermore, I have consistently challenged the jurisdiction of this court and continue to question service :See October 31,2002 transcript.

* "She hadn't already been found in violation in the determination" p.3 (Snellenburg) So with out service of the order I am not in violation.

*" I did want to add that I was instructed that - to clarify - that I'm only here to make a statement today and not give credence to the jurisdiction issue "p.15(Luisa)What documents were presented to retain jurisdiction? How did they retain jurisdiction? There was no signed stipulation by all parties to retain jurisdiction

*I remember, JHO Snellenburg said as I walked in,I understand Ms. Holden you are here to make a statement and your presence here today does not give jurisdiction, because I was told in advance you can appear to clarify an issue and not give jurisdiction. I wanted to clarify I had not been served..

*JHO Snellenburg said I would be served with a June 7,2002 order that had an appeal clause on it and I left that day with out being served waiting to be served with the order in Massachusetts.(p.13)

*"I'm not finding your appearance here today as a waiver of your position with respect to jurisdiction."

Service of the June 7,2002 order was inherently and procedurally defective. There is no signed signature return receipt and Mr. McVann was released as my lawyer on June 4,2002. The court lost jurisdiction over me by lack of personal service: the orders should be dismissed, custody should be transferred back to me and the sentence of incarceration be dismissed, as well as the whole case.

New York had not signed on to the UCCJE Act to enforce retention of jurisdiction. Even under NYCLS DOM REL 75-d(2),physical presence in state of New York of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of New York state to make a child custody determination

I should have been granted redress where I sought relief on both state and federal grounds, my federal claim on due process grounds was not wholly insubstantial, I was the prevailing party and the respondents did not show any special circumstances or proof that would render such redress (two million dollars) unjust. Daniels v. Hammons (1996) 1st Dept. 228 AD 2d 341, 644 NYS 2d 248.No evidence or expert testimony sustains alienisation as Clive Cardozo contended. I did drive Quinn down a lot, and have done a lot of driving where as Clive only came up once (see letters attached concerning visitation) in two and a half years.

The court can not, but did, hold me in contempt of this order which was not served properly. (See attached Motion of Preference) Mr. Cardozo's new counsel was not properly signed on and his old counsel was not notarized off either to continue this proceeding. The new counsel had a conflict of interest in that Mr. Schlimbaum had

3

represented the grievance council where I had filed grievances. The hearing was held with out proper notice and my presence because I was waiting to be served the order. The grievances filed (3) and conflict of interest warrant this an improper venue to continue this proceeding. Please reconsider your decision with this affidavit of no service and my denial of due process and civil rights. Dismiss this case. This order and all subsequent orders ,because service was not obtained , are not legal. The poison factor. That includes Appellate docket number 2003-4249. Again, not properly being personally served as dictated by the March 17,2003 Order to show Cause, the second hearing and orders are unjust (see Brief filed December 26, 2003)Please release my natural son to my custody herewith and address the other requests for relief in my brief and this Order to Show Cause. I believe I have given you sufficient cause to immediately change custody back to me.

I request a TRO because this forceful taking of Quinn , the scary dangerous flight and sequestering has caused immediate harm and endangered the mental and physical well being of Quinn such that he should be released and granted the right to come home with his natural Mom. He was taken with no clothes , medicine or belongings . Stop the immediate harm it has already caused Quinn, the mental and physical damage to be forcibly taken from his mother who he has lived with his whole life since birth and has been his primary caretaker. The same is attested to by the attached affidavits . In addition to Clives' egregious taking of Quinn on June 6, 2003 without an order giving directive to remove Quinn from Massachusetts or it being certified or procedurally effectuated appropriately , Quinn has been further traumatized by Clive Cardozo's sequestering. Without any access to communication, (Clive took his cell phone away and there is no home phone or any possible way to facilitate visitation) his friends and family are fearful for his welfare. He has lost weight and is exhausted from this whole ordeal. He has deep circles under his eyes. He has openly stated he wants to return home to his mother which is in his best interest as Quinn has written himself.


_Luisa H. Holden_
Luisa H. Holden


Subscribed + sworn
before me this 16th day
of October, 2004 ,
personally appeared Luisa H. Holden
who provided MA drivers license
as satisfactory evidence of ID
and proceded to sign this document
for its intended purpose.

_Justin DiPietro_
Justin DiPietro
Expires 12/3/4

September 21, 2003

To whom it may concern
re Miss Luisa Holden and
   son Quinn.

I was a resident of the
town of Weston, Massachusetts for
over sixty years, over thirty of
which we were friends of Richard
and Maryann Holden, Parents of Luisa
I have since become better acquainted
with Luisa and her son Quinn assisting
with some real estate matters.
Luisa is a wonderful woman,
being active as a teacher, popular
with the children and her friends.
She is an excellent mother caring
for her son, his activities in school
and sports. She has been active
in the town.
I have been aware of the
family's present situation and have
spoken with her son Quinn also has
told me that he wants to come home
to be with his Mom. I know he was
looking forward to attending Weston's
Jr. High School this year. He also is not

at all happy about his present situation. He wants to go home. He said he is just waiting for his Mother to get him out so he can come home. At one point he had a cell phone which was taken away from him. It is difficult at this time for him to have any contact with his Mother. Calls made to him are 1) not put through 2) not passed on that he was called 3) if answered by Clive Cordoso the connection was cut off.

Quinn was concerned about the consequences, if he were to run away. He was discouraged by Luisa (Mother) from such thoughts as anything must be done legally.

Everyone is very upset that Quinn was taken forceably, against his will, scared as can be, and now is against his will, forced to be with Clive Cordoso.

I can go on, but why does an outstanding citizen of Massachusetts who is a good and loving Mother have her son taken away, by force, and kept in another state, away from his Mother

who wants him back home where"'
he wants to be and where he can
attend an excellent school in Weston
Massachusetts, be with his many friends,
and enjoy a natural life of a
ten or eleven year old boy.

One should think of that
which is in the best interest of
the child yet it would seem that
noone actually asks the child what
he wants. Certainly not these persons
who may be causing more harm and
long term trauma for a bright,
caring child.

Sincerely,
Wilmot Whitney
Wilmot Whitney W

Barbara P. Casey
01-05-07

**Wilmot Whitney**
Sales Associate



 **Prudential**

**Wilmot Whitney Real Estate**
544 Boston Post Road
Weston, MA 02493
Bus 781 899-1650  Fax 781 899-5179
Voice Mail 781 795-4004
An independently owned and operated member of The Prudential Real Estate Affiliates, Inc.