# MANDATE

# United States Court of Appeals
## For the First Circuit

No. 04-2354

LUISA HAYWARD HOLDEN,

Plaintiff, Appellant,

v.

CLIVE CARDOZO, ET AL.,

Defendants, Appellees.

Before

Boudin, Chief Judge,
Lipez and Howard, Circuit Judges.

JUDGMENT

Entered: April 5, 2005

The district court order dismissing this action against all defendants for lack of subject matter jurisdiction and failure to state a claim is affirmed.

The district court's dismissal for lack of subject matter jurisdiction is subject to de novo review by this Court. United Parcel Service v. Flores-Galarza, 385 F.3d 9, 15 (1st Cir. 2004). The party invoking federal jurisdiction, Appellant Luisa Hayward Holden ("Holden"), has the burden of proving that federal subject matter jurisdiction exists.  Id., Puerto Rico Tel. Co. v. Telecommunications Reg. Bd. of Puerto Rico et al., 189 F.3d 1, 7 (1st Cir. 1999). Even taking into account her pro se status, we conclude that Holden has not shouldered this burden.

Though Holden has alleged numerous claims and cast a wide net with regard to naming defendants, the gravamen of her complaint is a plea that the allegedly erroneous New York state custody order

granting custody of her son to Clive Cardozo be reversed and that custody be granted to Holden. The district court correctly held that pursuant to the Rooker-Feldman doctrine, lower federal courts generally lack jurisdiction to conduct a direct review of a state court judgment, Picard v. Members of Employee Retirement Bd. of Providence, 275 F.3d 139, 145 (1st Cir. 2001) (internal quotation marks and citations omitted) and, more specifically to hear domestic relations cases. Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992); Dunn v. Cometa, 238 F.3d 38, 41 (1st Cir. 2001). Because this case is primarily a request to review and reverse a New York state custody order, we lack jurisdiction to resolve it.

The district court was also correct in finding that jurisdiction is lacking as to all defendants with regard to all other claims, either due to lack of complete diversity between all opposing parties, Wisconsin Dep't of Corrections v. Schact, 524 U.S. 381, 388-89 (1998), inability to state a cognizable federal claim under to 28 U.S.C. §1983 against the town of Weston or private non-state actors, Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691 (1978), Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) and Brown et al. v. Newberger et al., 291 F.3d 89, 92-93 (1st Cir. 2002), failure to allege any facts that would overcome relevant immunities, Riverdale Mills Corp. v. Pimpare, 392 F.3d 55, 60-61 (1st Cir. 2004) and see also Baker v. McCollan, 443 U.S. 137, 145-46 (1979), and the inappropriateness of exercising supplemental jurisdiction over state law based malpractice claims when original jurisdiction is lacking as to all other claims, Gonzalez De Blasini v. Family Dept. et al., 377 F.3d 81, 89 (1st Cir. 2004).

Accordingly, the district court's dismissal of this case for lack of subject matter jurisdiction and failure to state a claim is affirmed. All other pending motions are denied as moot.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

*[signature]*
Deputy Clerk

Date: 5/31/05

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: _____
Chief Deputy Clerk.

[cc: Louisa Hayward Holden, Clive Cardozo, Scott D. Burke, Esq., Richard William Jensen, Esq., Thomas T. McVann, Jr., Lana Cantrell, Michael Scardino, Leon Henry Kesten, Esq., Lana Sullivan, Esq., Nur-ul Haq, Esq., Alan K. Posner, Esq., Robert O'Mara, Damon Scarano, Esq.]