FILED
CLERKS OFFICE

2007 MAR 23 P 12: 58

U.S. DISTRICT COURT
DISTRICT OF MASS

Clive Cardozo
Box 362
Quogue, NY 11959

March 21, 2007

The Honorable Richard G. Stearns
United States District Judge
United States District Court
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

    Re:    Holden v. Cardozo
            CV 04-11657 (RGS)

Dear Judge Stearns:

     I submit this letter in response to plaintiff Luisa H. Holden's March 15, 2007 "Motion For Leave To File Motion For Relief From Judgment." I oppose her motion.

     Ms. Holden, through her new attorneys, "acknowledges the Court's prior order directing Ms. Holden, *pro se*, not to file further requests to reopen her case." In other words, Ms. Holden, through her attorneys, implies that the Court's order enjoins only pro se motions as opposed to motions filed through counsel. A review of the Court's order demonstrates that the Court intended to enjoin her without regard to whether she was represented by counsel.

     In its order of November 3, 2005, the Court stated:

> The case was dismissed on September 30, 2004. The dismissal was affirmed by the First Circuit Court of Appeals on June 2, 2005. Ms. Holden's motions to reconsider and reopen have been denied by this court. Nonetheless, Ms. Holden continues to file "evidence" with the docket clerk on almost a daily basis. The case being closed, the court hereby ENJOINS Ms. Holden from further filings in this matter and directs the clerk to return to Ms. Holden any materials deposited with the court subsequent to June 2, 2005.

     Ms. Holden cannot undo the history of her conduct in this case by retaining counsel. As the Court noted in its August 25, 2004 order, Ms. Holden has had six attorneys represent her in proceedings related to the custody of our son, Quinn. I was married to Ms. Holden and know that she comes from an extremely wealthy family. So when she appeared pro se before the

Court, it appears that she did so because she had fired her previous attorneys and because she could not find any other attorneys willing to represent her.

In any event, notwithstanding Ms. Holden's attorneys' claim on page one of their memorandum, the law has not evolved since the Court dismissed this case. Although her attorneys cite *Marshal v. Marshall*, 126 S. Ct. 1735 (2006), for the proposition that the Supreme Court has circumscribed the jurisdictional limitations of the federal courts, the Supreme Court in *Marshall* did not say this. Instead, the Supreme Court said that the probate exception to federal jurisdiction could not be used to extinguish an otherwise appropriate federal cause of action for tortious interference with an expected inheritance. And the Court *reaffirmed* that "divorce, alimony, and child custody decrees" remain outside federal jurisdictional bounds." See *id.* at 1746-49.

I ask the Court to dismiss this action and to consider imposing Rule 11 sanctions on Ms. Holden and her attorneys.

Respectfully submitted,

Clive Cardozo

cc:   Jeffrey A. Denner, Esq.
      Denner Pellegrino, LLP
      4 Longfellow Place, 35th Floor
      Boston, MA 02114