UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11657-RGS

LUISA HAYWARD HOLDEN

v.

CLIVE CARDOZO, ET AL.

ORDER ON MOTION FOR RELIEF FROM JUDGMENT

April 9, 2007

STEARNS, D.J.

Plaintiff Luisa Holden seeks relief from a final judgment entered by the court on September 30, 2004, pursuant to Fed. R. Civ. P. 60(b)(6). The court's dismissal of Holden's case "for lack of jurisdiction and failure to state a claim" was affirmed by the First Circuit Court of Appeals on June 2, 2005. A motion to reconsider was denied on August 10, 2005. Holden nonetheless continued to file pro se pleadings under the dormant docket number. On November 3, 2005, this court enjoined Holden from further filings in this case. Undaunted, Holden continued to file letters and "evidence" with the court. Finally, on July 20, 2006, the court ordered the Clerk to return to Holden all of her undocketed filings and to accept no further filings. The present motion for relief from judgment was filed on March 15, 2007.

Relief is granted under rule 60(b)(6) only where exceptional circumstances exist suggesting that the moving party is "faultless in the delay." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'shp, 507 U.S. 380, 393 (1993); Valley Citizens for a Safe Env't v. Aldridge, 969 F.2d 1315, 1317 (1st Cir. 1992). "If a party is 'partly to blame,' Rule 60(b)(6) relief is not available to that party; instead, 'relief must be sought within one year

under subsection (1) and the party's neglect must be excusable.'" Claremont Flock Corp. v. Alm, 281 F.3d 297, 299-300 (1st Cir. 2002), quoting Pioneer Inv. Servs., 507 U.S. at 393. See also U.S. v. 6 Fox Street, 2007 WL 765706, *7 (1st Cir. March 15, 2007) (Rule 60(b)(6) offers a failed litigant but a "small escape hatch").

The only "change" in circumstances argued by Holden's newly re-engaged counsel is the Supreme Court's May 1, 2006 decision in Marshall v. Marshall. __ U.S. __, 126 S. Ct. 1735 (2006). Marshall, a case discussing the limits of the "domestic relations exception" to the exercise of federal jurisdiction, is said by Holden's counsel to confer on this court a power to review custody and contempt orders issued by the New York Family Court which the court did not previously possess (or erroneously thought it did not). Even if I agreed with this reading of Marshall – which I do not – it is a "dubious practice to reopen a final judgment under Rule 60(b)(6) solely because of later precedent pointing in a different direction." Biggins v. Hazen Paper Co., 111 F.3d 205, 212 (1st Cir. 1997).

## ORDER

For the foregoing reasons, the Motion for Relief from Judgment is DENIED.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE