UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11657-RGS

LUISA HAYWARD HOLDEN

v.

CLIVE CARDOZO, ET AL.

RESTRAINING ORDER

December 11, 2007

STEARNS, D.J.

Luisa Hayward Holden commenced the above-captioned (and now closed) case in this court on July 26, 2004, complaining that erroneous rulings in the New York state courts had resulted in the abduction of her son by his father, Clive Cardozo. In addition to Cardozo, Ms. Holden named as defendants the State of New York Court System, six attorneys who had unsuccessfully represented Ms. Holden in her custody dispute with Cardozo, three Weston Town officials who were involved in the enforcement of the New York custody Order, and their employer, the Town of Weston. Ms. Holden's Complaint, in essence, asked the court to invalidate the custody orders issued by the Suffolk County New York Family Court.[1]  The court dismissed the case for lack of subject matter

---

[1] The history of the New York custody case is summarized in Holden v. Cardozo, 778 N.Y.S.2d 885 (N.Y. App. Div. 2d Dep't 2004).

jurisdiction. The First Circuit Court of Appeals affirmed the district court's jurisdictional dismissal on June 2, 2005.

Ms. Holden's repeated attempts to reopen the case were denied. In response to almost daily filings of further "evidence" in the Clerk's Office, on November 3, 2005, this court enjoined Ms. Holden from making any further filings in her long-closed case. The Clerk was also instructed to return to Ms. Holden any filings deposited with the court after the issuance of the mandate concluding her unsuccessful appeal. In June of 2006, Ms. Holden sought, by way of an emergency motion, to dissolve the Order restraining her from further filings. After the emergency motion and a motion for reconsideration were denied, Ms. Holden filed a separate case on the Miscellaneous Business Docket, again requesting relief from the Order barring her from further filings.

In the last eighteen months, according to the records of the U.S. Marshal's Office, Ms. Holden has made more than 300 "visits" to the Moakley Federal Courthouse in Boston. She makes daily telephone calls to various judges' chambers and to staff. The Circuit Executive's Office reports that, between telephone calls, voice mails, telefaxes, and personal visits, Ms. Holden contacts their office on average five times per day, although she has made as many as twenty contacts in a single day. Ms. Holden also periodically, personally and by telephone, contacts the Office of the United States Attorney. The Clerk's Office of both the United States District Court and the First Circuit Court of Appeals report regular (several times per week) encounters with Ms. Holden. The persistent presence of Ms. Holden in the Moakley Courthouse absorbs an inordinate amount of staff time, diverts employees from serving litigants with pending cases, and prevents the court

security officers and marshals who are required to accompany Ms. Holden during her courthouse visits from attending to other pressing security needs. The court has no reasonable alternative other than to ban Ms. Holden from further visits to the Moakley Courthouse unless she first obtains the written permission of a judge of the District Court or Court of Appeals.

## ORDER

It is therefore <u>ORDERED</u>:

1. Luisa Holden shall not enter the Moakley Courthouse in Boston, Massachusetts, without the express written permission of a judge of this Court.

2. Luisa Holden will cease and desist from making telephone calls to judges of this court and to court staff.

3. Luisa Holden is warned that any willful violation or attempted violation of this Order may be treated as a contempt of court.

4. The Clerk is directed to provide copies of this Order to the United States Marshal and to the United States Attorney's Office.

5. The Clerk is directed to leave a certified copy of this Order at the court security command post. Court security officers are instructed to serve Ms. Holden with the Order on her next attempt to enter the building and to refuse her permission to enter.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

CHAIR, COURT SECURITY COMMITTEE